Filed 7/10/25  P. v. Sibley CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAHLON ROMERO SIBLEY,<br><br>    Defendant and Appellant. | B340631<br><br>(Los Angeles County<br>Super. Ct. No. BA447172) |

Mahlon Romero Sibley (defendant) appeals from the order of the trial court denying his petition for resentencing under Penal Code section 1172.1.[1]  We appointed counsel for defendant, who filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.  Although, as discussed below, this appeal is subject to dismissal because it seeks review of a nonappealable

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

order, where counsel has been appointed, we may follow the *Delgadillo* procedures in dismissing the appeal. (Accord, *People v. Rosemond* (2025) 108 Cal.App.5th 667, 673-674.)[2] Defendant thereafter filed a supplemental brief in which he argues section 1385, subdivision (c)(2)(C) mandates dismissal of an enhancement where, as in the instant case, the resulting sentence exceeds a term of 20 years. Because the order from which defendant appeals is not appealable, we lack jurisdiction to consider it and dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2022, defendant pled nolo contendere to one count of attempted second degree murder (§§ 664, 187, subd. (a)) and admitted an allegation that, in committing the crime, he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). The court accepted the plea, found defendant guilty of the charge, and sentenced him to prison for seven years on the attempted murder count, plus 20 years for the firearm enhancement, for a total of 27 years.

On June 24, 2024, defendant filed a form request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) and section 1172.1. He checked boxes stating he is "eligible for consideration of a new sentence under AB 600 and . . . § 1172.1" because the following laws applied at the time of his sentencing and have changed: section 1385 (amended in 2022 by Senate Bill No. 81), section 667, subdivision

---

2      Counsel sent a copy of the brief and the transcripts on appeal to defendant and informed him that he has the right to file a supplemental brief and, if he did not file a brief, the court may dismiss the appeal. We are satisfied that counsel has complied with her obligations under *Delgadillo*.

(a)(1) (amended in 2019 by Senate Bill No. 1393), sections 1170 and 1170.1 (amended in 2022 by Senate Bill No. 567), and sections 186.22 and 1109 (amended in 2022 by Assembly Bill No. 333).[3]  Under a section titled, "Reasons to Grant Relief," he stated that he is "a lot more wiser now" and has taken his "rehabilitation and re-education seriously."  He also stated that he has "changed everything about who [he] use [*sic*] to be" because of his new "relationship with [his] 'Lord'" and "if given a chance" is "ready to put all of [his] hard work, to work."

On July 1, 2024, the court denied the resentencing petition. The court commended defendant for the "new life he . . . adopted while in prison" but declined to recall his sentence "not only due to the seriousness of [defendant's] offense . . . and his prior criminal history, but also because he [did] not identif[y] how any changes in the sentencing laws affect[ed] his sentence."  The court concluded that "a recall of [defendant's] sentence would not be in the interest of justice."

Defendant filed this timely appeal.

## DISCUSSION

Under section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced."  (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of certain state government officials.  (*Ibid.*)  A defendant, however, "is not

---

[3]     Additionally, defendant checked a box for "Other" and handwrote "SB 483."

entitled to file a petition seeking relief from the court under [section 1172.1]."  (*Id.*, subd. (c).)  A defendant who nevertheless files such an "'unauthorized request for resentencing has no *right* to a ruling'" (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996), and "an order declining to act on a defendant's unauthorized section 1172.1 petition is nonappealable" (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 693).  Therefore, Courts of Appeal "lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1."  (*Faustinos*, at p. 696.)  Because we do not have jurisdiction to review the court's ruling, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, P. J.

HOFFSTADT

We concur:

_____, J.

BAKER

_____, J.

MOOR

4